FILED
SUPERIOR COURT
OF GUAM

2019 SEP 13 PM 1: 17

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

               Plaintiff,

      v.

JOHN WINE LODGE,
DOB: 06/06/2000

               Defendant.

Case No. CF0114-18

DECISION AND ORDER

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 2, 2019 for a hearing on a submission by John Lodge ("Defendant") of a Motion for De-certification and Transfer to Family Court. The Defendant is represented by Alternate Public Defender Ana Maria Gayle, and the People of Guam are represented by Assistant Attorney General Sean Brown. After considering the arguments of the parties, and the applicable law, the Court now issues its Decision and Order denying the Defendant's motion.

## BACKGROUND

On February 21, 2019, the Guam Police Depart responded to a report of robbery in the K-Mart Parking Lot in Tumon. (Magistrate's Complaint at Decl., Feb. 23, 2019). The victim, Aeyeon Kim, reported that a male in green shorts and a white hoodie came up behind her and

snatched her purse. *Id.* Ms. Kim and two other Korean tourists attempted to apprehend the male but were unable to catch them. *Id.* Other witnesses reported that the two males wearing green short and white shirt distinctive to JFK High School were seen sitting in the parking lot curb before the incident. *Id.* Officers searching the area located two individuals matching the description of the suspect. *Id.* Officer's searched the Defendant, who had Ms. Kim's cell phone and seven hundred dollars ($700.00) on his person. *Id.* Ms. Kim also later identified the Defendant as the person who had stolen her purse. *Id.*

On March 12, 2018 a grand jury returned a true bill against the Defendant charging him with Theft (as a Second Degree Felony) with a Special Allegation: Vulnerable Victim, Conspiracy to Commit Robbery (as a Third Degree Felony), and Robbery (as a Third Degree Felony). (Indictment, Mar. 12, 2018). The Defendant subsequently filed a Motion for De-certification and Transfer to Family Court. (Mot. De-Cert. & Transfer to Family Ct., Jul. 1, 2019). The Defendant also contemporaneously filed a Motion to Suppress. (Mot. Suppress, Jul. 2, 2019). The People filed a response to the Defendant's Motion for De-certification. (People's Response, Aug. 2, 2019). The Court held a hearing for both motions; however it only heard arguments on the Motion for De-certification because the arresting officer was not present. (Minute Entry, Aug. 2, 2019). The Court took the Motion for De-certification under advisement. *Id.*

## DISCUSSION

Under Guam law, when a minor is sixteen (16) years of age at the time of commission of a crime, the prosecutor is required to charge that person as an adult when the alleged offense is a felony of the first or second degree, as well as charge any offenses which arise out of the same scheme. 19 GCA § 5106(a). While charging the minor as an adult is mandatory, the Guam

Code also authorizes courts to transfer the matter to Family Court. 19 GCA § 5106(d). Transfer is permissible when the court finds by clear and convincing evidence "that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." In evaluating whether transfer to Family Court is warranted, the court should consider:

> (1) the age of the minor;
> (2) the history of the minor, including:
>> (A) any previous delinquent or criminal history of the minor;
>> (B) any previous abuse or neglect history of the minor; and
>> (C) any mental health, physical or educational history of the minor, or a combination of these factors;
> (3) the circumstances of the offense, including:
>> (A) the seriousness of the offense;
>> (B) whether the minor is charged through accountability;
>> (C) whether there is evidence the offense was committed in an aggressive and premeditated manner;
>> (D) whether there is evidence the offense caused seriously bodily harm; and
>> (E) whether there is evidence the minor possessed a deadly weapon;
> (4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;
> (5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;
> (6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;
> (7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and
> (8) the adequacy of the punishment or services.

*Id.* In considering the above factors, the court must give greater weight to the seriousness of the alleged offense and the minor's history of juvenile delinquency than any of the other factors. *Id.* The Court is tasked with striking a balance between the best interest of the juvenile defendant(s) and the "public's interest in being protected from crime." *People v. Moore*, 957 N.E.2d 555, 560 (Ill. Ct. App. 2011).

## A. Minor's Age and History of Delinquency

At the time the offense was committed the Defendant was four months away from turning eighteen. This is almost at the end of the sixteen to eighteen year age range covered by the Family Court Statute. 19 GCA § 5106(a). The Court also notes that the Defendant has had three other juvenile cases one of which is still active. These factors weigh against transferring the Defendant's case to Family Court.

## B. Circumstances of the Offense

The circumstances of the case are particularly appalling. The Defendant is alleged to have snatched the purse of a Korean tourist. (Magistrate's Complaint at Decl.). The contents of the purse were valued at two thousand seven hundred thirty dollars ($2,730.00), and included Ms. Kim's passport. *Id.* Not only does the crime alleged involve an unreasonable degree of force, but may have also jeopardized the victim's ability to return home as scheduled and certainly placed an undue level of stress on the victim. Furthermore, crimes like these against tourists hurt Guam's image abroad and the tourism industry, which represents a sizable portion of Guam's economy. Therefore, the Court finds that this factor weighs against transfer to Family Court.

## C. Advantages of Treatment in the Juvenile Justice System, the Defendant's History of Treatment, and Likelihood of Rehabilitation.

Certainly, the therapeutic and rehabilitative focus of the Family Court system is generally favorable to the harshness of incarceration and fines that are imposed in adult courts. However, this Court believes that it simply isn't enough to demonstrate that the Family Court system is more preferable, but that the Defendant will avail himself of these benefits and work towards becoming a law-abiding adult. The Court does not find that this Defendant is amenable to treatment in the Family Court system.

Also in addition to this case, the Defendant has another active adult case, CF0327-19, which alleges that he assaulted a police officer and was drinking while underage. *People v. Lodge*, Superior Court Case No. CF0327-19 (Magistrate's Complaint at Decl., Jun 7, 2019). The Defendant was charged in CF0327-19 after allegedly committing the robbery in this case. It appears to the Court that the Defendant is unlikely to avail himself of the benefits of Family Court even if it were to transfer him. Accordingly, this factor weighs against decertification.

**D. Security of the Public.**

The charges against the Defendant allege the use of force against the victim. (Magistrate's Complaint at Decl.). While force was allegedly used, it appears that the victim did not suffer bodily harm nor was a deadly weapon used in the commission of the alleged offenses. As stated above, however, the Defendant does have a history of using unlawful force against others. *Supra* Part C. Considering the Defendant's history and the current alleged facts in this matter, punishment under Title 9 Chapter 80 might be necessary to deter the Defendant from future forceful criminal conduct. The Court finds that this factor weighs slightly against transferring the matter to Family Court.

**E. Adequacy of Punishment.**

At a maximum, the Family Court could retain jurisdiction over the Defendant until the Defendant turns twenty-one years of age. 19 GCA §5105. Currently the Defendant is nineteen, meaning that the Family Court would retain jurisdiction for a maximum of two years. *Id.* Theft (as a Second Degree Felony) carries a minimum of one year and a maximum of eight years for first offenders. 9 GCA § 80.31(b). The vulnerable victim sentencing enhancement carries an additional five years. 9 GCA § 80.37.3. The rest of the charges carry a maximum sentence of three years with no minimum. 9 GCA § 80.31(c). If convicted for the less serious crimes, the

Defendant could possibly serve a comparable amount of time as he would spend in the Family Court system. However, the amount of time the Family Court would have jurisdiction over the Defendant is grossly disproportional to the penalty the Legislature has assigned most serious offense the Defendant is charged with, even without the sentencing enhancement. 9 GCA § 80.31 (b). Therefore, the Court finds that this factor weighs against transfer to Family Court.

After considering the factors above, the Court finds that each of them weighs against transferring the Defendant's case to Family Court. Accordingly, the Court will deny the Defendant's Motion.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** the Defendant's Motion for De-Certification and Transfer to Family Court. The Court will hold a hearing on the Defendant's Motion to Suppress on October 2, 2019 at 2:00 p.m.

**IT IS SO ORDERED** on this 13th day of September, 2019.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AG
APD

Date: 9/13/19 Time: 120pm

Deputy Clerk, Superior Court of Guam